# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | **CIVIL ACTION NO. __:09cv** |
| **Plaintiff,** | ) ) | |
| | ) | **COMPLAINT** |
| v. | ) ) | |
| **COMMUNITY TRANSPORT SERVICES, LLC,** | ) ) ) | **JURY TRIAL DEMAND** |
| | ) | |
| **Defendant.** | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Dale Morant who was adversely affected by such practices. As more fully described below, Plaintiff the U.S. Equal Employment Opportunity Commission ("Plaintiff" or the "Commission") alleges that Defendant Community Transport Services, LLC failed to accommodate Dale Morant's religious beliefs and discharged her because of her religion, Jehovah's Witness.

## JURISDICTION AND VENUE

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3)("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina. This lawsuit is

being filed in the Orangeburg Division because a substantial part of the events or omissions giving rise to the claims alleged in this suit occurred within the Orangeburg Division.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Community Transport Services, LLC, ("Defendant"), was a South Carolina corporation doing business in the State of South Carolina and the City of Orangeburg, and continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant was continuously an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Dale Morant filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled as to Defendant.

7. At all relevant times, Defendant, a private ambulance service serving the Orangeburg, Bamberg, Calhoun, Clarendon, and Dorchester County areas of South Carolina, employed Dale Morant as an Emergency Medical Technician ("EMT"). As an EMT, Ms. Morant was assigned to an ambulance with a partner employee who would drive the ambulance.

8. At all relevant times, Ms. Morant was and has been a practicing Jehovah's Witness. Ms. Morant was hired to work for Defendant by one of Defendant's owners. At the time of Ms. Morant's hire, Ms. Morant told said owner that she is a Jehovah's Witness.

9. On October 31, 2006, Defendant Community Transport engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by failing to provide Ms. Morant a reasonable accommodation of her religious beliefs and practices, and by discharging her because of her religious beliefs and practices. Specifically, as a Jehovah's Witness, Ms. Morant holds the sincere religious belief that she should not celebrate holidays or otherwise participate in holiday celebrations, including but not limited to events related to Halloween. On October 31, 2006, Defendant requested that Ms. Morant and another EMT who was working in the same ambulance as Ms. Morant, go to the Prince of Orange Mall in Orangeburg, S.C. to participate in a Halloween carnival being held at the mall. Ms. Morant informed Defendant's dispatcher, who was aware of her religious practice, that she does not celebrate holidays and refused the assignment. That same day, Ms. Morant informed Defendant's owner who had hired her, that he could not make her do something that was against her religious beliefs. As a result of Ms. Morant's refusal to attend and/or participate in the Halloween carnival on behalf of Defendant, Defendant discharged Ms. Morant.

10. The effect of the practices complained of above have been to deprive Dale Morant of equal employment opportunities and otherwise adversely affect her status as an employee because of her religion, Jehovah's Witness.

11. The unlawful employment practices complained of above were intentional.

12. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Dale Morant.

## PRAYER FOR RELIEF

A. Grant a permanent injunction enjoining Defendant Community Transport Services, LLC, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against current or future employees on the basis of their religious beliefs.

B. Order Defendant Community Transport Services, LLC to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who require religious accommodation for their sincerely held religious beliefs, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Community Transport Services, LLC to make whole Dale Morant by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practice, including but not limited to front pay or reinstatement.

D. Order Defendant Community Transport Services, LLC to make whole Dale Morant by providing compensation for pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant Community Transport Services, LLC to make whole Dale Morant by providing compensation for non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional distress, suffering, stress, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights in amounts to be determined at trial.

  F. Order Defendant Community Transport Services, LLC to pay Dale Morant punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

This the 10th day of September, 2009.

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        131 M. Street, N.E.
        Washington, D.C.  20507

        LYNETTE BARNES
        Regional Attorney

        TINA BURNSIDE
        Supervisory Trial Attorney

          s/ Mary M. Ryerse
        MARY M. RYERSE (Fed. Bar. No 9604)
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        e-mail: mary.ryerse@eeoc.gov
        Charlotte District Office
        129 W. Trade Street, Suite 400
        Charlotte, North Carolina 28202
        Telephone: 704.344.6873
        Facsimile: 704.344.6780

        ATTORNEYS FOR PLAINTIFF