IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Equal Employment Opportunity Commission, | ) | C/A No. 5:09-2391-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Community Transport Services, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, the Equal Employment Opportunity Commission ("EEOC"), filed this action on behalf of Dale Morant pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 against the defendant, Community Transport Services, LLC ("Community Transport"). This matter arises out of Morant's former employment with Community Transport. The record shows that Morant was discharged because of her religious beliefs as a Jehovah's Witness. This matter is now before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the plaintiff's motion for default judgment. (ECF No. 14.)

The Clerk of Court entered default against Community Transport pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on January 6, 2010 because Community Transport, having been apparently served with process in accordance with Rule 4, had failed to plead or otherwise defend against this action. (See ECF No. 11; Decl. Supp. Mot. Entry of Default, ECF No. 10-1); Fed. R. Civ. P. 55(a). To date, Community Transport has not made any appearance in this action and has not responded to the EEOC's motion for a default judgment.

By virtue of the entry of default, Community Transport is now deemed to have conceded the factual allegations of the Complaint.  See 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688 (3d ed. 1998) ("If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").  It remains for this court to determine whether the well-pleaded allegations of the Complaint establish that the EEOC is entitled to the relief it seeks.  See id. (distinguishing between a defendant's concession via default and a finding that liability has been established).  The court finds that they do[1] and, having carefully reviewed the EEOC's properly supported motion and the record in this case, recommends that a default judgment against Community Transport be entered pursuant to Rule 55(b)(2) in favor of the EEOC on behalf of Dale Morant in the amount of $23,435.02 as back pay and $10,000 as compensatory damages.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 1, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[1] Because the well-pleaded allegations of the Complaint establish that the EEOC is entitled to the relief it seeks, the court finds that a hearing is not necessary to resolve the EEOC's motion. See, e.g., Wright, Miller & Kane, supra, § 2688 (noting that "courts have determined that a hearing is not required before entering a default" but that when it seems advantageous, the court may conduct a hearing to determine whether a default judgment should be entered); see also United States v. Cabrera-Diaz, 106 F. Supp. 2d 234, 243 (D.P.R. 2000)  (noting that testimony is not required to be presented before entering a default judgment and declining to hold a hearing before entering a default judgment against a physician and his secretary for submitting false Medicare claims in violation of the False Claims Act).

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"   Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).